Elliott *v.* Stevenson.

———◇✦◇———

ELLIOTT *v.* STEVENSON.

PLEADING—PARTIES—EVIDENCE.—*A* and *B* had been partners in business. Afterwards, *A, B* and *C* became partners in the same business. Still later, *A* retired from the firm, and *B* and *C* continued in partnership for some time, when they dissolved. Afterwards, *B* sued *C* for profits, received and not accounted for by him. *C* answered: 1. By denial. 2. Payment. 3. Claim for personal services. 4. That he had paid out all the profits made by *B* and

Elliott v. Stevenson.

*C* upon old debts of the firm of *A, B* and *C.* Demurrer to the 3d sustained. To the 4th, the Court held *A* a necessary party, and ordered that he be made a party, and continued the cause for that purpose. No steps were taken by *C* to make him a party before the next term. The cause was again continued for the same purpose, and under the same order. Still no steps were taken by *C* to make him a party. The Court, at the next term, struck out the 4th paragraph. Issues on the complaint and second paragraph of the answer. Trial and judgment for the plaintiff.

*Held*, 1. That, under the circumstances, it was not error to strike out the 4th paragraph of the answer.

2. That *A* was a necessary party under said 4th paragraph.

3. That, under the issues joined upon the trial, evidence of payments by *C*, for the use of *A, B* and *C*, was not admissible.

APPEAL from the *Marion* Common Pleas.

PERKINS, J.—Anciently, *Smith* and *Stevenson* were in partnership in the wheat and corn trade. Later, said *Smith* and *Stevenson* of the one part, and *Thomas B. Elliott* of the other, entered into partnership in the same trade, *Elliott* owning one-half of the partnership concern, and *Smith* and *Stevenson* the other. Later, to-wit: on the 5th day of *December*, 1860, *Elliott* and *Stevenson* formed a partnership in the same trade, as successors to *Smith*, and *Stevenson*, and *Elliott*, and continued the same till the 31st day of *January*, 1861, when, by mutual consent, a dissolution took place.

After the dissolution, *Stevenson* sued *Elliott*, for profits alleged to have been received by him, and not accounted for, amounting to 2,000 dollars.

*Elliott*, the defendant answered:

1. The general denial.

2. Payment over to *Stevenson* of his share of the profits.

3. In bar of the whole action, that he, *Elliott*, should be allowed 1,000 dollars more than *Stevenson*, in the accounting, for his personal services.

4. That he, *Elliott*, had paid out all the profits, made by *Elliott* and *Stevenson*, upon old debts owed by the firm of *Smith* and *Stevenson* and *Elliott*.

5. Same as the fourth.

A demurrer was sustained to the third paragraph, and rightly, because it purported to bar the entire cause of action, when it was a bar but to a part of it.

As to the fourth and fifth paragraphs, the Court ruled, that if *Elliott*, the defendant, desired credit for payments alleged to have been made for *Smith*, *Stevenson* and *Elliott*, in the pending suit between *Stevenson* and *Elliott*, the latter must cause *Smith* to be brought before the Court as a party, that he might be heard in taking the account, &c., ordered accordingly, and then continued the cause to a subsequent term. At that term, *Smith* had not been brought before the Court, nor had any steps been taken, so far as the record shows, for that purpose. The cause was continued to another term, with the order upon *Elliott*, unrescinded, to cause *Smith* to be brought before the Court. The term to which the cause was continued came round, but, so far as appears, no steps had yet been taken to comply with the order of the Court as to *Smith*. Thereupon, on motion, the fourth and fifth paragraphs of the defendant's answer were stricken out. There were then left two paragraphs of the answer, viz: the general denial and payment. Issue was taken on the latter. A trial was had, resulting in a judgment for the plaintiff of 185 dollars. On the trial, the defendant offered evidence to support the fourth and fifth paragraphs of his answer, which had been stricken out, but the evidence was rejected. The evidence actually given on the trial is not of record.

The evidence offered of payment to the use of the firm of *Smith*, *Stevenson* and *Elliott*, was not admissible under an answer of payment to *Stevenson* of a claim due him individually.

The remaining question in the cause is: Did the Court do

Elliott *v.* Stevenson.

right in striking out the fourth and fifth paragraphs of the answer? If the Court had a right to require *Elliott* to cause *Smith* to be made a party and brought before the Court, and *Elliott* failed, without sufficient reason, to comply with the requirement, the Court had a right, inherent in it, as a Court, to strike out that part of *Elliott's* defence depending upon *Smith* being a party. We must presume, in the absence of any showing to the contrary, that *Elliott* unreasonably failed to comply with the order of the Court; as, if *Smith* was a resident of another county in the State, by neglecting to inform the Clerk to which county process should go, &c.

The question then occurs: Ought *Smith* to have been a party? The question stands thus: *Stevenson* sues *Elliott* for money alleged to be due on transactions between them. *Elliott* answers, true, I had money of yours in my hands, but the firm of *Smith, Stevenson* and *Elliott* owed *Berry & Co.*, and I have taken the liberty of paying out your money on that debt, and for which I claim a credit in this suit. *Stevenson* denies *Elliott's* answer. Now, to make out his case, *Elliott* must show that *Smith, Stevenson* and *Elliott* did not owe *Berry & Co.*; that there were not firm assets to pay the debt, &c.; but surely these matters could not be properly adjusted between the members of that firm in the absence of *Smith.* If, therefore, these matters could properly have been introduced into this suit, *Smith* should have been made a party. If they could not be introduced, then the Court below might have rejected them on motion or demurrer for impertinency. In either event, there could have been no error.

Whether the accounts of the firm of *Smith, Stevenson* and *Elliott* could, under any circumstances, be brought into this suit, is not clear; but, perhaps, a state of facts connected with insolvency of parties, might exist, that would justify the Court, in the exercise of general equity power, to secure the rights of parties, to take cognizance of them. See Ad-

ams' Equity, side p. 223; Coll. on Part. 3d Am. ed. sec. 1,011; Barbour on Set-off, 189; 2 Story's Eq. p. 887. Our statute authorizes legal and equitable set-offs.

*Per Curiam.*—The judgment below is affirmed, with 5 per cent. damages and costs.

*John L. Ketchum*, for the appellant.

*Frederick Rand* and *Reginald H. Hall*, for the appellee.